UNITED STATES, Appellee,

v.

Specialist Four Michael R. SUSEE, 007–68–2249, United States Army, Appellant.

ACMR 8700233.

U.S. Army Court of Military Review.

14 Oct. 1987.

---

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a special court-martial empowered to adjudge a bad conduct discharge. Pursuant to his pleas, he was convicted of an absence without leave (AWOL) terminated by apprehension, a violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886 (1982). Appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeitures of $438.00 pay per month for three months, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for 75 days, forfeitures of $438.00 pay per month for three months, and reduction to the grade of Private E–1.

During the sentencing portion of appellant's trial, the trial counsel introduced documentary evidence of a record of nonjudicial punishment for an earlier AWOL. Thereafter, he called First Sergeant (1SG) K as a witness regarding appellant's duty performance and his potential for rehabilitation. First Sergeant K initially gave general testimony to the effect that he had known appellant for approximately eleven months, that appellant had been a Sergeant (E–5) when he was initially assigned to that unit, and that he had observed him on a daily basis in garrison, and on several occasions in the field.

The trial counsel then asked how appellant had done his job. First Sergeant K responded that "[h]e was a fair-to-borderline performer and I ... I base that on ... on ... on two things, if I may...." At this point, the trial defense counsel objected to the testimony. Relying on Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1001(b)(5) [hereinafter R.C.M.], the trial defense counsel asserted that the witness could provide the court-martial no more than his opinion. The military judge overruled the objection and permitted the witness to testify as to the basis of his opinion. First Sergeant K's response was generally favorable to the appellant, indicating that appellant's duty performance had suffered as a result of a lack of hands-on experience in his prior duty assignment.[1]

Thereafter, the trial counsel questioned 1SG K about appellant's attitude after the earlier AWOL. The trial defense counsel objected on the ground that such testimony would be "beyond the scope of [R.C.M. 1001(b)(5)] in terms of evidence of potential and ... not a circumstance that is directly relating to or resulting from ... the charged offense." Again, the military judge overruled the objection. First Sergeant K then testified that appellant's attitude following the earlier AWOL was that of a soldier who was going to "screw up on purpose just to get out [of the service]," although as to duty performance, appellant

---

1. First Sergeant K testified as follows:

   I credit his not having the knowledge to perform his duties at a top-notch level here in this unit to the fact that he was in there and all he did was operate [target simulator] reels for those crews that came in there and didn't actually get to go out and put his feet on the ground and put to use what it is that they taught up there. He was as a young E–5.... He was weak in the things that required a team chief to employ, train his people to a degree that made them proficient in their tasks as he was not proficient in the task. He couldn't do that. That's ... that's what I give my basis for fair to ... to borderline performance.

**540**

continued to do what he was told and responded to counselling. To this the trial defense counsel interposed a further objection, contending that 1SG K was testifying about specific instances of conduct, matters which were not admissible on direct examination under R.C.M. 1001(b)(5). The military judge overruled the objection. First Sergeant K's testimony on direct examination concluded with the following colloquy:

[Trial Counsel]: Based on his performance, his attitude, and [the] fact that there are two AWOL's in his history, what is your opinion as to his rehabilitative potential?

[1SG K]: I feel that, at this point, having ... discussed this with [appellant] on three occasions that I know of, that I can recall, I don't think there ... there is any rehabilitative steps, measures, that ... that the Army could take to turn his attitude around and make him want to be a soldier. If [appellant] wanted to be, he could be, but he does not want to be. He's stated this over and over again. It ... it's clear to me that he's ... he's made it in his mind that he doesn't want to be here, he wants no part of United States Army and I don't think that the United States Army should spend any more time trying to rehabilitate him.

On appeal, appellant asserts that the military judge erred by overruling the trial defense counsel's objections to 1SG K's testimony regarding the bases for his opinion of appellant's potential for rehabilitation. We disagree.

R.C.M. 1001(b)(5) pertinently provides that:

The trial counsel may present, by testimony ..., evidence, in the form of opinion concerning the accused's previous performance as a servicemember and potential for rehabilitation. On cross-examination, inquiry is allowable into relevant and specific instances of conduct.

■ The Drafter's Analysis to this provision explicitly states that while inquiry into specific instances of conduct is permissible on cross-examination, it is impermissible on direct. *See* Manual for Courts-Martial, United States, 1984, Analysis of Rule for Courts-Martial 1001, App. 21, A21–62 [hereinafter R.C.M. 1001 analysis]. Accordingly, the initial question in the case at bar is not when inquiry as to specific instances of conduct is appropriate under R.C.M. 1001(b)(5), but rather, whether the references of the trial counsel and those of the first sergeant to appellant's earlier AWOL here constituted an impermissible inquiry on direct examination. We conclude that it did not. In this regard we are well-satisfied that the same operated to do no more than fix a point of reference from which to begin 1SG K's testimony. Thus, in our view, an "inquiry," whether permissible or impermissible, was not undertaken within the meaning of R.C.M. 1001(b)(5). Even if we characterized it as an impermissible inquiry, we nonetheless would construe the same as no more than harmless error since the AWOL had already been properly admitted in evidence. *See* R.C.M. 1001(b)(2) ("any disciplinary actions including punishment under Article 15" admissible as data pertaining to the character of prior service of accused personnel).

■ Turning to the question of whether 1SG K's testimony was overbroad, it is clear that R.C.M. 1001(b)(5) authorizes the introduction of evidence in the nature of opinion. Further, if opinion testimony is to be admissible, it must be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness of the determination of a fact in issue." Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 701. *A fortiori*, parties proferring evidence in the nature of an opinion must be afforded a full and fair opportunity to lay the requisite foundation as long as inquiry into specific instances of conduct is not permitted on direct examination. *See* R.C.M. 1001(b)(5).

In our view, the foundation which the trial counsel laid met the requirements of Mil.R.Evid. 701 and thus was proper. To limit appropriate foundational matters in support of opinion testimony would be to bar relevant and admissible evidence from the trier of fact at sentencing—a result

fundamentally in conflict with the sound basis of the expanded presentencing practice now permitted in the military. *See* R.C.M. 1001 analysis at A21–62; *United States v. Green,* 21 M.J. 633 (A.C.M.R. 1985), *petition denied,* 22 M.J. 349 (C.M.A. 1986); *United States v. Harrod,* 20 M.J. 777 (A.C.M.R.1985); *United States v. Lawrence,* 22 M.J. 846 (A.C.M.R.1986).

Accordingly, we hold appellant's assignment of error to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GILLEY concur.