**UNITED STATES, Appellee,**

v.

**Private E–1 Lloyd A. CEPHAS, 214–70–3965, United States Army, Appellant.**

**ACMR 8700792.**

U.S. Army Court of Military Review.

18 Feb. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Debra D. Stafford, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

**OPINION OF THE COURT**

KENNETT, Judge:

Tried by a military judge sitting as a special court-martial, appellant was convicted, pursuant to his plea, of one instance of wrongful distribution of cocaine, and was sentenced to a bad conduct discharge, con-

finement for two months, and forfeiture of $400.00 pay per month for four months. The convening authority reduced the period of forfeitures to three months, in accordance with the pretrial agreement, but otherwise approved the sentence.

Appellant, personally and through counsel, contends the military judge departed from his impartial role by questioning a government witness during the sentencing phase of trial and that the judge improperly considered uncharged misconduct in adjudging a sentence. We disagree.

During the government's aggravation portion of the sentencing hearing, appellant's first sergeant stated his opinion, based upon personal observation and reports from subordinates, that appellant's duty performance was good, but that appellant had no potential for rehabilitation in the Army. The trial counsel asked no clarifying questions and the defense counsel did not cross-examine. The military judge, noting his displeasure with the state of the evidence, opined that he did not have to accept the "dichotomy" inherent in the first sergeant's answers and announced that he was going to ask some questions. The defense counsel objected on the basis of his belief that the answers would include inadmissible hearsay. The trial counsel told the judge that the answers might include evidence of uncharged misconduct. After some further discussion, the judge told the trial and defense counsel that "what you two lawyers want to do is to stand common sense and reason completely on its head." The judge then asked the first sergeant why appellant had no potential for rehabilitation. The answer reflected that appellant had been "involved in drugs" on four different occasions. Two defense witnesses, appellant's current and former squad leaders, testified that appellant had rehabilitative potential in the Army.

■ Manual for Courts-Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(5) provides that the trial counsel may present opinion testimony concerning the accused's previous performance as a servicemember and potential for rehabilitation. Cross-examination is allowed into relevant and specific instances of conduct. Although conceding that the military judge could have asked the first sergeant whether his opinion about appellant's rehabilitative potential was based upon the conviction alone or on other misconduct not before the court, *citing United States v. Horner,* 22 M.J. 294 (C.M.A.1986), appellant asserts that the question asked by the judge constituted "cross-examination", thereby placing the judge in an advocate's role. We disagree, as Military Rule of Evidence (Mil.R.Evid.) 614(b) permits the military judge to interrogate witnesses, and he may properly ask questions of any witness "to clear up uncertainties in the evidence" and "to develop further the facts for the better understanding" of the factfinder. *United States v. Kimble,* 49 C.M.R. 384, 386 (C.M.A.1974) (citation omitted). The judge may not, however, abandon his impartial role and assume the position of an advocate for either side in his questioning. *See United States v. Shackelford,* 2 M.J. 17 (C.M.A.1976).

■ We do not believe the judge's one question evidenced any abandonment of his impartial role. He was faced with an obvious conflict in the first sergeant's testimony, and had to resolve that conflict to (1) insure that no *Horner* issue was present and (2) determine an appropriate sentence for appellant. The fact that uncharged misconduct evidence might come to light did not change the judge's duty to resolve the inconsistency in the testimony. In this regard, we note that the Analysis of R.C.M. 1001 provides that the rule "allows the presentation of much of the same information to the court-martial as would be contained in a presentence report" in a federal civilian court, and that rehabilitative potential evidence under subsection (b)(5) is important in tailoring the sentence to the offender. M.C.M., 1984, Analysis of R.C.M. 1001, Appendix 21, A21–63 & 64. "Therefore, introduction of evidence of this nature should not be contingent solely upon the election of the defense." *Id.* at A21–64. Evidence that appellant had been involved in other drug offenses during his

**834**

short time in the unit was relevant to determining his rehabilitative potential in the Army. *See United States v. Johnson*, 25 M.J. 517, 518 (A.C.M.R.1987) (evidence of rehabilitative failure in the Alcohol and Drug Abuse Prevention and Control Program). *Cf. United States v. Susee*, 25 M.J. 538, 540 (A.C.M.R.1987) ("To limit appropriate foundational matters in support of opinion testimony would be to bar relevant and admissible evidence from the trier of fact at sentencing ...."); *United States v. Green*, 21 M.J. 633 (A.C.M.R.1985), *petition denied*, 22 M.J. 349 (C.M.A.1986) (discussion of R.C.M.1001).

The findings of guilty and the sentence are affirmed.

Senior Judge COKER concurs.

Judge ROBBLEE took no part in the decision of this case.