UNITED STATES, Appellee,

v.

Private First Class Michael L. STIMP-
SON, Jr., 241–19–2497, United States
Army, Appellant.

ACMR 8802878.

U.S. Army Court of Military Review.

3 Nov. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before KUCERA, CARMICHAEL and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge: *

Pursuant to his pleas, appellant was convicted by a military judge sitting as a special court-martial of one specification of larceny of $46.00 in United States currency.[1] He was sentenced to a bad-conduct discharge, confinement for ten days, forfeiture of $300.00 pay per month for two months, and reduction to Private E1. The convening authority approved the sentence.

Appellant contends that the military judge erred by denying a defense motion to strike the testimony of Sergeant First Class (SFC) Brown concerning appellant's lack of rehabilitative potential. We find that the military judge did not err in his ruling and assuming arguendo that he did, that the error was harmless.

During the sentencing proceedings, trial counsel called three noncommissioned officer witnesses, each of whom testified that appellant had no potential for further productive service in the Army. In each instance, trial counsel laid a proper foundation before eliciting the witness' opinion. The witnesses had observed appellant on a regular basis and testified that their opinions were based on his marginal duty performance and his poor attitude. On cross-examination, SFC Brown, one of the three government witnesses, was asked if the real basis for his opinion went beyond simply not wanting a convicted thief in his

platoon. Brown replied that his opinion was not based solely upon appellant's larceny, but upon his larceny and his overall performance of duty. Trial defense counsel then made reference to an earlier conversation where the witness had said that he would not want Audie Murphy in his platoon if Audie Murphy was a thief. Brown acknowledged making such a comment, but reiterated that his opinion was based on appellant's overall duty performance, not just his larceny conviction. Defense counsel moved to strike SFC Brown's testimony, citing United States v. Horner, 22 M.J. 294 (C.M.A.1986). The military judge denied the motion.

■ Our review of the record persuades us that SFC Brown's testimony meets the tests enunciated by the Court of Military Appeals in Horner and more recently in United States v. Ohrt, 28 M.J. 301 (C.M.A. 1989). Brown's assessment went beyond the fact that appellant was a convicted barracks thief; he testified that he had been appellant's platoon sergeant for six to seven months and, during that time, he had observed appellant's duty performance on a daily basis. Thus, SFC Brown established that he possessed a rational basis for expressing his opinion concerning appellant's rehabilitative potential. See Manual for Courts–Martial, United States, 1984, Mil.R. Evid. 701; Ohrt, 28 M.J. at 303–04, citing, United States v. Susee, 25 M.J. 538, 540 (A.C.M.R.1987).

■ As we understand Horner and Ohrt, a witness may weigh the nature, circumstances, and impact of the accused's offenses, together with his knowledge of the accused's character and duty performance, when deciding the question of rehabilitative potential. Having weighed these matters, a witness' opinion, whether favorable or unfavorable, is generally admissible. This must be distinguished from the situation where a witness views the offenses as so serious that he is unable or unwilling to go beyond them, that is, to weigh them against such relevant factors as his knowledge of duty performance, in

---

* Judge H.St.G.T. Carmichael took final action on this case prior to his retirement.

1. This is a violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982).

determining rehabilitative potential. In this latter case, the opinion should not be allowed since it is simply an opinion as to the severity of the offenses. It is for the military judge to determine whether a witness is properly factoring the severity of the offenses into the rehabilitative potential equation, or whether he is attempting, impermissibly, to testify that the accused deserves a harsh punishment because the offenses are so serious. Here, the military judge correctly made the distinction in allowing the testimony of SFC Brown.

■ Although we find that a proper foundation was established for SFC Brown's opinion, we note the Court of Military Appeals' strong condemnation of euphemisms that infringe upon a court-martial's prerogative to decide an appropriate sentence. *Ohrt*, 28 M.J. at 304–05. These are phrases which, in effect, inform the sentencing authority that the witness believes the accused should be punitively discharged. In the instant case, the trial counsel asked witnesses for the government whether, in their opinions, appellant

had "the potential for further productive service in the Army." A question phrased thusly to elicit an opinion on an accused's rehabilitative potential clearly runs afoul of the *Ohrt* rule against euphemisms.[2] 28 M.J. at 305. Nevertheless, we are satisfied that the military judge was not unfairly influenced in deciding an appropriate sentence for appellant. *See Horner*, 22 M.J. at 296.

■ On the issue of sentence appropriateness *per se*, we conclude from the relevant aggravating and mitigating factors that the sentence was not excessive. The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.

---

2. We suggest that military judges and counsel read not only the Court of Military Appeals' majority opinion in *Ohrt*, but the opinions of both Judge Murdock and Judge Lewis, representing the conflicting views of an evenly divided Air Force Court of Military Review, to gain a full understanding of this issue and Judge Cox's analysis in resolving it. *See United States v. Ohrt*, 26 M.J. 578 (A.F.C.M.R.1988) (*en banc*) (Judge Lewis, joined by Senior Judges Foray and Sessoms and Judge Blommers, dissenting), *rev'd*, 28 M.J. 301 (C.M.A.1989). Assuming a proper foundation has been established for a witness to give a "rationally based" opinion on the accused's rehabilitative potential, the proper question to elicit that opinion is: "In your opinion, does the accused have rehabilitative potential?"; the proper response, dictated of course by the witness' opinion is "yes" or "no." Any

reference by the witness to a discharge, separation from the service, or lack of potential for continued service, should be scrupulously avoided. *See* Ohrt, 28 M.J. 304–07.

We recognize, of course, that it would seem more relevant to a court-martial whether an accused can be rehabilitated for future military service as opposed to whether he can be rehabilitated generally. However, although the witness in *Ohrt* clearly ran afoul of *Horner* because his opinion was not based upon the accused's character and potential, the Court of Military Appeals in *Ohrt* went further to suggest that even if a witness' opinion is properly based on an accused's character and potential, it is still improper for the witness to be asked if the accused has rehabilitative potential for future service in the military.