**UNITED STATES, Appellee,**

v.

**Specialist Willie A. SELLS, 457–39–1503, United States Army, Appellant.**

**ACMR 8900351.**

U.S. Army Court of Military Review.

30 April 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Jon W. Stenz, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Gary L. Hausken, JAGC, Major Maria C. Fernandez, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

GILLEY, Judge:

On 23 March 1990, this court affirmed the findings of guilty and the sentence in appellant's case. *United States v. Sells,* ACMR 8900351 (A.C.M.R. 23 Mar. 1990), *vacated by unpub. order, 12 April 1990.*

Contrary to the appellant's pleas, a general court-martial convicted him of wrongful distribution of cocaine (two specifications), and sentenced him to a bad-conduct discharge, confinement for five years, and forfeiture of all pay and allowances for one year. The convening authority approved the sentence except that he approved only so much of the forfeitures as provided for forfeiture of $699.00 pay per month for twelve months.

■ The appellant contends that the military judge erred by overruling the appellant's objection to testimony in aggravation about the effects of cocaine on aviators even though no distribution to one occurred. We find no error. The offenses occurred near Fort Rucker, Alabama, the location of the U.S. Army Aviation Center. The testimony explained the effects of cocaine on users in general and then on those with the type of jobs at Fort Rucker, in particular. *See United States v. Trottier,* 9 M.J. 337, 345 (C.M.A.1980) (the travels of drugs are unpredictable). But, the test of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(4), is that admissible evidence of aggravation must directly relate to the offense.

■ We find that test met if the effects described would apply to performance of dangerous military duties commonly performed in that vicinity. That rule would set common sense boundaries, relating drug abuse realistically to particular concerns for safety and security, despite the unpredictable destination of unlawfully distributed drugs set free in the river of commerce. Here, we have a businessman/drug distributor whose state of mind was so callous that he would realistically endanger the lives of soldiers, innocent civilians, and expensive property for his profit. *See United States v. Martin,* 20 M.J. 227, 232 (C.M.A.1985) (Everett, C.J. concurring), *cert. denied,* 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986).

■ Admissibility must also satisfy Military Rule of Evidence 403, that the evidence in aggravation not be substantially outweighed by the danger of unfair prejudice. *See* Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 403. No such violation occurred here.

We have considered the Court of Military Appeal's recent opinion, *United States v. Sanford,* 29 M.J. 413 (1990). There, a battalion commander's testimony in part described how the use of illegal drugs would make operation of the battalion's heavy equipment dangerous. The court described the testimony, overall, as "self-evident." *Id.* at 414. Further, his testimony was considerably broader than the case here, and was characterized as an "overkill" bordering on unlawful command influence. *Id.* at 415. In contrast, the testimony in this case was by a witness clinically educated in the effects of illegal drugs, and simply did not have the overbreadth that the Court of Military Appeals in *Sanford* held should have led to exclusion under Military Rules of Evidence 403.

■ The appellant also contends that the military judge erred by permitting the appellant's first sergeant to testify that the appellant did not have rehabilitation potential in the Army based solely on the offenses of which he was convicted. *See United States v. Ohrt,* 28 M.J. 301 (C.M.A. 1989) and *United States v. Horner,* 22 M.J. 294 (C.M.A.1986). The trial counsel asked the first sergeant if the appellant had the ability "to dig himself out of the hole … *and become a good soldier*" (emphasis added). In context, the record is clear that the witness was able to factor in all aspects

of the appellant's service, but, when the severity of the offense was considered on cross-examination, it tipped the scales against the witness' previous, certain opinion that the appellant had potential for rehabilitation. This did not violate *Horner*. *See also United States v. Stimpson*, 29 M.J. 768 (A.C.M.R.1989) (under *Horner*, a witness' opinion is not relevant if the witness is unable or unwilling to consider anything except the offenses). However, the trial counsel's question about whether the appellant could "become a good soldier" ran afoul of the proscription in *Ohrt* against euphemisms amounting to an opinion that appellant should be discharged from the Army. The trial defense counsel did not object on this basis, and plain error is not present. *United States v. Wolfe*, 29 M.J. 1018 (A.C.M.R.1990). Moreover, near the end of his testimony, the first sergeant added "... can he be rehabilitated? I don't know if he can be or not."

We have considered the issues raised personally by the appellant, and they lack merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.