PARISI *v.* DAVIDSON, COMMANDING
GENERAL, ET AL.

Decided December 29, 1969

*Solicitor General Griswold* in opposition.

Mr. JUSTICE DOUGLAS, Circuit Justice.

Applicant claims he is a conscientious objector entitled to classification as such. The Army did not approve that classification and his appeal is now pending before the Army Board for Correction of Military Records.

Meanwhile he applied to the District Court for the Northern District of California for a writ of habeas corpus, and for an order restraining respondents from transferring him out of the Northern District of California. The District Court denied that relief but it did restrain respondents from assigning applicant "to any duties which require materially greater participation in combat activities or combat training than is required in

his present duties." The District Court retained jurisdiction of the case.

Applicant appealed to the Court of Appeals and asked for an order staying his deployment pending disposition of his appeal. That court denied his motion for a stay "on condition that Respondents produce the Appellant in this district if the appeal results in his favor." He now seeks a stay from me, as Circuit Justice; and he represents that he is under orders to report for deployment to Vietnam the day after tomorrow, December 31, 1969.

Applicant is at present assigned to duties of "psychological counseling." It would seem offhand that "psychological counseling" in Vietnam would be no different from "psychological counseling" in army posts here. He would, of course, be closer to the combat zones than he is at home; and he says that he could end up carrying combat weapons.

I heretofore granted like stays in cases involving deployment of alleged conscientious objectors to Vietnam. See *Quinn* v. *Laird,* 89 S. Ct. 1491. But this case is different because of the protective order issued by the District Court and the assurance given the Court of Appeals that the applicant will be delivered in the Northern District if he wins his habeas corpus case. Moreover, as the Solicitor General points out, the Secretary of the Army is a party to this action; hence the case will not become moot by the deployment.

If it were clear that applicant would win on the merits, a further protective order at this time would be appropriate. But the merits are in the hands of a competent tribunal and as yet unresolved. And I cannot assume that the Army will risk contempt by flouting the protective order of the District Court.

*Application denied.*