UNITED STATES

v.

**Michael H. ALLEN, 278 36 4886, Radioman Senior Chief (E–8), U.S. Navy (Ret.).**

**NMCM 88 1330.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Aug. 1987.

Decided 23 Feb. 1989.

Maj J.L. Powers, USMC, Appellate Defense Counsel.

R. Clayton Seaman, Jr., Civilian Defense Counsel.

Capt Thomas D. Miller, USMC, Appellate Government Counsel.

LT John J. Mulrooney II, JAGC, USNR, Appellate Government Counsel.

COUGHLIN, Senior Judge:

Upon trial by general court-martial with officer members, the appellant, contrary to his pleas, was found guilty of seven specifications of disobeying a general order involving security regulations in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, two specifications alleging espionage activity in violation of Article 106a, UCMJ, 10 U.S.C. § 906a, and one specification of violating the federal espionage statute of 18 U.S.C. § 793(d) alleged under Clause 3 of Article 134, UCMJ, 10 U.S.C. § 934. Appellant was sentenced to be confined for eight years and to pay a fine of $10,000. The sentence did not include either a punitive discharge, a reduction in pay grade, or a forfeiture of pay.[1] The sentence as adjudged was approved and ordered executed by the convening authority.[2]

We granted appellant's motion pursuant to Rule 17 of this Court's Rules of Practice and Procedure to have the proceedings considered by the full Court[3] in view of the purported gravity of matters raised by the appellant's assignments of error which include, *inter alia,* unlawful command influence, the military judge's failure to recuse himself, refusal to compel attendance of witnesses, denial of a continuance to obtain expert witnesses, search and seizure issues, improper admission of evidence, and jurisdictional issues.[4] In view of our action to remand based on the appellant's 12th and final assignment of error, however, we cannot address the other assignments nor can we now act on the findings or sentence.

### Assignment of Error XII

THE CONVENING AUTHORITY'S ACTION IS IMPROPER ON ITS FACE AND INDICATES THAT THE ACCUSED'S CASE DID NOT RECEIVE THE CONSIDERATION REQUIRED BY ARTICLE 60, UCMJ, 10 U.S.C. § 860.

The crux of this assignment lies in the failure of the staff judge advocate to provide additional advice to the convening authority on the matters raised by the civilian defense counsel in his R.C.M. 1106(f)(4) response to the staff judge advocate's R.C.M. 1106 Recommendation.

### Background

The staff judge advocate for the convening authority was disqualified from making the R.C.M. 1106 Recommendation and, therefore, the staff judge advocate for Commander, Naval Base San Diego, was called upon to examine the record and provide the Recommendation to the convening authority. The Recommendation was far and away more substantial than those routinely reviewed by this Court. It correctly

---

1. At the time of the alleged commission of the offenses, the appellant was a retired Senior Chief Radioman (E–8) receiving retirement pay. He was not recalled to active duty for purposes of trial and, thus, was not receiving active duty pay. Having been "convicted" of violating 18 U.S.C. § 793, the appellant's retirement pay was terminated shortly after trial pursuant to 5 U.S.C. § 8312.

2. In his action on the case the convening authority did not address the accused's automatic reduction to the lowest enlisted pay grade under Article 58a, UCMJ, 10 U.S.C. § 858a, and, therefore, such reduction presumably took effect on the date of the convening authority's action pursuant to the Manual of the Judge Advocate General (JAG Manual) 0145(7)(b).

3. Chief Judge Byrne and Judge McLeran recused themselves from any participation in this case.

4. The Court having granted a waiver of its page limit on briefs, the appellant's counsel submitted a 199 page brief in support of 12 assignments of error and the Government answered expeditiously with a 93 page reply on 30 January 1989. Subsequent to these submissions, appellant's counsel requested the Court to hear oral argument on the assignments of error and also moved for permission to file a reply to the Government's answer. In view of our action herein, both motions are denied without prejudice to renew them at an appropriate time.

set forth the charges, pleas and findings; described the clemency petitions; summarized the two dozen or so pretrial motions of the accused as well as the military judge's action thereon; concluded there were no errors that materially prejudiced the substantial rights of the accused with respect to the findings or sentence; and recommended that the convening authority approve the sentence as adjudged. The Recommendation further noted that the accused had a time certain to submit allegations of error or other matters in accordance with R.C.M. 1105 before the convening authority's action could be taken.

After obtaining a brief filing extension, the civilian counsel for the appellant submitted his written comments on the staff judge advocate's Recommendation pursuant to R.C.M. 1106(f)(4). The defense counsel's 22 page submission was substantial in nature and included both R.C.M. 1105 matters and critical comment on the Recommendation. Defense counsel submitted legal argument rebutting the staff judge advocate's conclusions that the military judge correctly ruled on numerous pretrial motions. As to one such motion—the accused's request for an expert witness—defense counsel pointed out that the staff judge advocate had erred in indicating that the defense agreed to a local expert witness. Finally, defense counsel asserted that the Recommendation was deficient because it omitted several specific and important matters which he felt deserved "comment and elucidation so that the convening authority has an adequate picture of these significant events." The staff judge advocate did not provide the convening authority with any additional written advice concerning the foregoing matters raised by the defense counsel.

### Applicable Law

■■■ The failure of the staff judge advocate to provide the convening authority with his written opinion as to whether corrective action should be taken regarding the allegations of legal error submitted by the appellant's counsel violates R.C.M. 1106(d)(4).[5] Such advice by the staff judge advocate is mandatory whenever the defense counsel raises allegations of legal error under either R.C.M. 1105(b) or in a response to the Recommendation pursuant to 1106(f)(4).[6] Appellate government counsel in its brief concedes that the staff judge advocate erred in his failure to comment on the allegations but argues that, under the circumstances of this case, remand to the convening authority is not required. We hold to the contrary based on the recent Court of Military Appeals decision in the case of *United States v. Hill*, 27 M.J. 293 (C.M.A.1988).

Our superior Court pointed out in *Hill* that the failure of the staff judge advocate to comment on such allegations of legal error will, in most instances, "be prejudicial and will require remand of the record to the convening authority for preparation of a suitable recommendation." Remand is unnecessary only in those limited instances in which "a properly prepared recommendation would have no effect on the convening authority's exercise of his discretion. . . ." Thus, the accused is entitled to relief unless the allegation of legal error

---

5. Rule for Courts–Martial (R.C.M.) 1106(d)(4) provides in pertinent part:

The staff judge advocate or legal officer is not required to examine the record for legal errors. However, when the recommendation is prepared by a staff judge advocate, the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when deemed appropriate by the staff judge advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's state-

ment, if any, concerning legal errors is not required.

6. In the event the defense allegations of error are submitted prior to the preparation of the R.C.M. 1106 Recommendation, the comment thereon will normally be included in the Recommendation. If the allegations are submitted subsequent to the Recommendation, or as part of the response thereto pursuant to 1106(f)(4), the staff judge advocate will normally render his mandatory advice to the convening authority by providing a supplement or an addendum to his original Recommendation. *See* R.C.M. 1106(f)(7).

"clearly has no merit." *Id.* at 296. Finally, this Court is therefore only free to act on the case if the "defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority." *Id.* at 297.

### Decision

The allegations of legal error raised by the defense counsel in his response to the Recommendation are material matters of weighty importance. We are unable to conclude that such allegations "clearly have no merit." Further, it is foreseeable that upon remand the staff judge advocate might give a recommendation favorable to the appellant based on the appellant's allegations of legal error or that such allegations may lead to corrective action by the convening authority. *Id.* at 296, 297.

 Accordingly, the convening authority's action is set aside. The record of trial is remanded for a supplemental staff judge advocate recommendation in accordance with R.C.M. 1106(d)(4) and for a new convening authority's action.[7] Upon completion of a new convening authority's action and the publication of a new court-martial order, the record of trial shall be returned to this Court. *United States v. Boudreaux,* 26 M.J. 879 (N.M.C.M.R.1988).

Senior Judge RILEY, and Judges MIELCZARSKI, ALBERTSON, STRICKLAND, JONES and RUBENS concur.

Chief Judge BYRNE and Judge McLERAN took no part in the consideration or decision of this case.

---

**7.** In order that the convening authority will clearly understand his discretionary powers under JAG Manual 0145a(7)(b) to explicitly alter by his action the otherwise automatic reduction in pay grade of the appellant pursuant to Article 58a, UCMJ, the staff judge advocate should provide an explanation of these provisions in his supplemental Recommendation. *See supra* note 2. The staff judge advocate should also include advice on the appropriateness of the sentence to a fine under the circumstances of this case. *See United States v. Czeck,* 28 M.J. 563 (N.M.C.M.R. 1989).