## UNITED STATES

v.

**Harlan E. HERRING, 411 31 9054, Lance Corporal (E–3), U.S. Marine Corps.**

NMCM 89 3715.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 April 1989.

Decided 5 July 1990.

---

638

LCDR Donna M. Crisalli, JAGC, USN, Appellate Defense Counsel.

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LT L. Lynn Jowers, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge and WILLEVER and JONES, JJ.

JONES, Judge:

Pursuant to his pleas, appellant was convicted of drunk driving and several uses and distributions of cocaine in violation of Articles 111 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 911, 912a. The military judge sitting alone as the special court-martial sentenced appellant to confinement for three months, forfeiture of $300.00 pay per month for three months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Appellant has assigned the following as error:

## I

APPELLANT'S PLEAS OF GUILTY TO DISTRIBUTION OF COCAINE WERE IMPROVIDENT, WHERE THE COCAINE WAS SUPPLIED BY ANOTHER PERSON, APPELLANT WAS INITIALLY A RECIPIENT RATHER THAN A DISTRIBUTOR OF THE COCAINE, AND APPELLANT'S DISTRIBUTION CONSISTED OF NOTHING MORE THAN PASSING THE COCAINE BACK TO THE PERSON WHO HAD SUPPLIED IT WHILE BOTH INGESTED IT. RECORD AT 35–44, 51–54, 60, 73–75.

## II

THE OPINION TESTIMONY OF SERGEANT DOUGLAS, MASTER SERGEANT PIERCE, AND STAFF SERGEANT BLACKMAN AS TO APPELLANT'S POTENTIAL FOR FURTHER SERVICE WAS INADMISSIBLE BECAUSE IT WAS EQUIVALENT TO AN OPINION THAT APPELLANT SHOULD BE AWARDED A PUNITIVE DISCHARGE. RECORD AT 91, 98, 108. *UNITED STATES V. OHRT*, 28 M.J. 301 (C.M.A.1989).

## III

THE MILITARY JUDGE ERRED BY DENYING THE DEFENSE MOTION TO STRIKE THE TESTIMONY OF MASTER SERGEANT PIERCE, SINCE IT WAS BASED ENTIRELY ON OFFENSES COMMITTED BY APPELLANT, RATHER THAN AN EVALUATION OF APPELLANT'S CHARACTER AND RECORD AS A WHOLE. RECORD AT 96–105. *UNITED STATES V. HORNER*, 22 M.J. 294 (C.M.A.1986).

■ As to the first assignment of error, we believe that appellant's passing of the cocaine back to the original supplier during the course of ingesting it constituted the offense of distribution. Para. 37c(3), Part IV, Manual for Courts–Martial, United States, 1984; *see United States v. Tuero*, 26 M.J. 106 (C.M.A.1988); *United States v. Figueroa*, 28 M.J. 570 (NMCMR 1989). Accordingly, we find this assignment to be without merit.

■ Turning to the second assignment of error, we find the trial counsel's question of Sergeant Douglas as to appellant's "potential for further service" in the Marine Corps objectionable as calling for a recommendation for punitive discharge of the type condemned by the Court of Military Appeals in *Ohrt*. The follow-up question, "Would you want Lance Corporal Herring in your Marine Corps?," was equally objectionable for the same reason. No objection, however, was registered at trial to either question or answer. Thus error was waived.

The negative opinion of Master Sergeant Pierce rendered in response to the identical question posed of Sergeant Douglas calling for an opinion as to appellant's "potential for future service" was again objectionable and as discussed below, should have been disregarded upon the defense motion to strike.

■ The same objectionable question was served up to Staff Sergeant Blackman, who obviously and correctly attempted to balance the nature of the offenses vis-a-vis his knowledge of appellant's character, performance of duty as a servicemember, moral fiber, and determination to be rehabilitated. *Ohrt*, 28 M.J. at 304. He concluded that appellant had a "fair" potential for "future honorable service in the United States Marine Corps." Coming from a Government-called witness, such testimony was neutral, if not helpful to the defense cause. In any event as to both question and answer, no objection was voiced. In fact, on cross-examination, Staff Sergeant Blackman stated his opinion that appellant be allowed to finish out his enlistment because he had been a good worker. Accordingly, we fail to see that the testimony of Staff Sergeant Blackman, taken as a whole, was in any way prejudicial to the interests of appellant. Any error because of the form of the question asked by trial

counsel was waived through lack of objection.

■ Finally, as to the third assignment of error as it related to the testimony of Master Sergeant Pierce, we conclude that the military judge too narrowly read *United States v. Horner*, 22 M.J. 294 (C.M.A. 1986), and erred by failing to strike that testimony as requested by defense counsel at trial. In fact, before reaching his decision, the military judge questioned the witness:

Q. Master Sergeant PIERCE, maybe you can clear something up here. Defense counsel indicates that you told him that in regard to potential for further service that you based your opinion, which is that he didn't have future potential in the Marine Corps, based solely on the offenses before the Court?

A. Not that are before the court today, sir. Like I say, he's got a background of previous drug use, and it's my opinion for him today at this hearing.

Q. Okay. So if you separated the charges to which the accused pled guilty, there are nine drug offenses there, covering the period 11 November to 18 December 1988.

A. Yes, sir.

Q. Putting those aside, would you have—would you stay with your opinion? Do you have any other reason for your opinion?

A. No, sir. No, sir, I don't. That's basically the reason for my opinion, is that. I have no problems with Lance Corporal HERRING's work. He comes to work on time, he's prompt. When he's there he does a fair job, which is required of a lance corporal. He requires supervision, but most lance corporal's (sic) do. I'm basically stating that because of his drug abuse.

Q. Okay. So outside—now, what is it that you told defense counsel that he has just brought before the court? Now, you indicated to the trial counsel that Lance Corporal HERRING doesn't have any potential for future service.

A. Yes, sir.

Q. And you also indicated that you based that opinion, not just on the charges pending. In other words, there was another reason or reasons that you had, not just on the charges.

A. I did explain to the captain that it was not for the charges that are here today, it's for his previous drug involvement.

■ Although the witness testified as to appellant's average work performance, it appears to us that he was unwilling to weigh that performance alongside the nature, circumstances, and impact of the accused's offenses in deciding the question of rehabilitative potential. *United States v. Stimpson*, 29 M.J. 768, 769 (ACMR 1989). Given the nature of the offenses for which he was convicted, his past office hours for use of cocaine, and the mediocre assessment of his work performance given by the witnesses, we are nevertheless satisfied that the military judge was not unfairly influenced in deciding an appropriate sentence for appellant. *See Horner*, 22 M.J. at 296.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge ALBERTSON and Judge WILLEVER concur.