Michael H. ALLEN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–243C.

United States Court of Federal Claims.

May 12, 2000.

**678**

Larry J. Rosintoski, Charleston, S.C., for plaintiff.

Patrick Murphy, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, and Frank W. Hunger, Assistant Attorney General, for defendant.

### OPINION

SMITH, Chief Judge.

This matter is before the court on defendant's Motion to Dismiss. Defendant contends that plaintiff's claims should be dismissed pursuant to RCFC 12(b)(1) and 12(b)(4), as barred by the six-year statute of limitations, 28 U.S.C. § 2501, or in the alternative, the waiver doctrine. After reviewing the briefs and hearing oral argument, the court hereby GRANTS defendant's motion.

### FACTS

Plaintiff, Michael H. Allen, is a retired Navy Radioman who, while living in the Philippines, was arrested and court-martialed for conducting espionage on behalf of the Government of the Philippines. Mr. Allen was convicted on August 14, 1987 for violation of the Federal Espionage Act, 18 U.S.C. § 793 and Article 106a of the Uniform Code of Military Justice, 10 U.S.C. § 906(a). *See United States v. Allen*, 28 M.J. 610 (N.M.C.M.1989). As a result of this conviction, Mr. Allen was sentenced to eight years in prison and fined $10,000. Pursuant to the Hiss Act, 5 U.S.C. § 8312, Mr. Allen's retirement pay was statutorily canceled as of Au-

gust 14, 1987.[1] Mr. Allen was granted parole on November 5, 1991. His parole was scheduled for December 3, 1991. *See* Pl.App. at 11. Two years later, on August 6, 1993, the government administratively dropped Mr. Allen from the rolls.

Plaintiff's court-martial was approved by the general court-martial convening authority[2] on March 7, 1988. The approval was set aside, however, by the United States Navy–Marine Corps Court of Military Review (NMCMR) on February 23, 1989 due to the staff judge advocate's failure to provide the convening authority with his written opinion as to whether corrective action should be taken regarding allegations of legal error submitted by counsel for the accused. *See United States v. Allen*, 28 M.J. 610 (N.M.C.M.R.1989). On remand, the convening authority re-approved plaintiff's conviction on August 1, 1989. Plaintiff again appealed his conviction to the NMCMR, which affirmed the conviction on June 15, 1990. *See* 31 M.J. 637 (1990). On November 27, 1990, the Court of Military Appeals (COMA) granted review in part of the NMCMR decision. *See* 32 M.J. 222 (1990). On September 18, 1991, COMA affirmed, with minor corrections, the NMCMR decision upholding plaintiff's conviction. *See* 33 M.J. 209 (1991). Finally, plaintiff appealed to the United States Supreme Court. On March 23, 1992, the Court denied plaintiff's writ of certiorari. *See* 503 U.S. 936, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992).

On April 14, 1995, plaintiff filed a permissive application with the Board for Correction of Naval Records (BCNR) disputing his termination date for purposes of retirement pay. Plaintiff filed his complaint in this court on March 31, 1997. On March 11, 1998, the BCNR ruled for plaintiff, correct-

ing his record to reflect a termination date of August 1, 1989, the date of the convening authority's final approval. On June 23, 1998, the Defense Finance and Accounting Service forwarded Mr. Allen a check in the amount of $21,864.96 for the additional retirement pay he was owed. Mr. Allen subsequently endorsed and deposited the check.

## *DISCUSSION*

Plaintiff's complaint asserts three claims. First, a claim for back pay alleging that he is due twenty-three months of additional retirement pay for the period between his sentencing date and the convening authority's final action on his conviction. Second, a Fifth Amendment claim asserting that the loss of retirement pay pursuant to the Hiss Act coupled with his prison sentence constitutes Double Jeopardy, and third, a constitutional challenge to the competency of the military courts, arguing that as non-Article III courts, they do not have the legal capacity to render a conviction capable of triggering the Hiss Act.

## I. JURISDICTION

The Tucker Act grants this court jurisdiction over monetary claims against the United States. *See* 28 U.S.C. § 1491. The Act states in pertinent part,

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

---

1. The Hiss Act prohibits payment of federal retirement pay to any individual "convicted" of espionage related offenses. *See* 5 U.S.C. § 8312 (1986). The Act provides that a person

   may not be paid any annuity or retired pay on the basis of the service of the individual which is creditable toward the annuity or retired pay ... on, or after September 1, 1954 ... [if convicted of] ... an offense within the purview of ... (A) article 104 (aiding the enemy), article 106 (spies), or article 106a (espionage) of the Uniform Code of Military Justice (chapter

   47 of title 10) or an earlier article on which article 104 or article 106, as the case may be, is based ....

   *Id.*

2. The "general court-martial convening authority" is the "commander empowered with 'convening' or constituting a court-martial and referring to it charges pending against members of his or her command." *See* Def.'s Mot. to Dismiss at 8 (citing Articles 22–24, UCMJ, 10 U.S.C. §§ 822–24).

unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act "does not create any substantive right enforceable against the United States for money damages .... The Act merely confers jurisdiction in the event that a substantive right to sue the government already exists." *Berry v. United States,* 27 Fed.Cl. 96, 100 (1992) (citing *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).

■■■ Assuming this court has jurisdiction over a claim, procedural limitations still exist upon the availability of the court as a forum. One such condition is the statute of limitations. Pursuant to 28 U.S.C. § 2501, "every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." *Id.* This limitation period constitutes an express limitation upon the waiver of sovereign immunity contained in the Tucker Act. Furthermore, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957).

## II. STANDARD OF REVIEW

RCFC 12(b)(1), (4) authorize dismissal of a complaint if, assuming the truth of all allegations, jurisdiction over the subject matter is lacking or the complaint fails to state a claim upon which relief may be granted as a matter of law. In ruling upon a motion to dismiss, "whether on the ground of lack of jurisdiction ... or for failure to state a cause of action," all facts must be assumed as true and viewed in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *White Mountain Apache Tribe v. United States,* 8 Cl.Ct. 677, 681 (1985). Dismissal is appropriate, however, when "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683 (quoting *Conley v.*

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The plaintiff bears the burden of establishing the court's jurisdiction when the issue has been raised in the context of a dispositive motion. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404 (1994). As the Supreme Court has stated, "[i]n the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf." *McNutt,* 298 U.S. at 189, 56 S.Ct. 780.

## III. BACK PAY CLAIM

### A. Statute of Limitations

Defendant contends that plaintiff's back pay claim expired in 1993, six years after his conviction and the Navy's termination of his pay. *See* Def.'s Mot. to Dismiss at 12–13. Due to the expiration of the limitations period, defendant argues that the plaintiff's claim is outside the court's jurisdiction. *See* Def.'s Mot. to Dismiss at 12–16. Plaintiff responds that his claim is not barred as the statute did not begin to run until plaintiff was "dropped from the rolls" on August 6, 1993 or "when the Court of Military Appeals finally rule[d] on his case in 1991." *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 8–12.

■■■ The accrual of a claim against the United States begins " when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action ...." *Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988) (quoting *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225, 1964 WL 8621 (1964)). As this court has repeatedly stated, "[t]he clock starts as soon as the plaintiff is put on notice that inquiry into a possible claim is called for." *Wrona v. United States,* 40 Fed.Cl. 784, 788 (1998) (quoting *L.E. Cooke Corp. v. United States,* 27 Fed.Cl. 753, 754 (1993)). Accordingly, when a plaintiff's "claim is based upon a contractual obligation of the Government to pay money, the claim first accrues on the date when the payment becomes due and is wrongfully withheld in

breach of the contract." *Kinsey,* 852 F.2d at 557 (quoting *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225, 1964 WL 8621 (1964)).

■ Seeking appellate review of a conviction before the military courts does not toll the statute of limitations for any potential claims properly before this court. *See O'Callahan v. United States,* 196 Ct.Cl. 556, 451 F.2d 1390, 1394 (1971) ("The relief [plaintiff] now seeks [for back pay] was available in this forum at the time of his conviction....."). *See also Jackson v. United States,* 179 Ct.Cl. 29, 37, 1967 WL 8858 (1967), *cert. denied,* 389 U.S. 985, 88 S.Ct. 468, 19 L.Ed.2d 478 (1967) where the court stated that plaintiffs' "present claims for back pay are related to their criminal convictions only in the sense that each claim was premised upon common factual elements ... [and] in no sense dependent upon ... [plaintiffs'] first securing a reversal of the court-martial...." Furthermore, "[a]ny later judicial pronouncements simply explain, but do not create, the operative effect." *Catawba Indian Tribe v. United States,* 982 F.2d 1564, 1570 (Fed.Cir.1993). *See Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1378 (Fed.Cir.1998) (citing *Catawba* in concluding that an interpretation by HUD, if subsequently found to be incorrect, is irrelevant to the accrual date of the cause of action); *Vincin v. United States,* 199 Ct. Cl. 762, 468 F.2d 930 (1972) (asserting that the statute of limitations will not be stretched in an illegal discharge case to commence running from the date of a subsequent decision illustrating the illegality of the discharge rather than the actual date of discharge).

Finally, the Court of Claims stated "the usual rule to be that resort to the [Navy] Correction Board was not mandatory and therefore did not defer or toll the statute of limitations." *O'Callahan,* 451 F.2d at 1393. The court in *O'Callahan* went on to clarify the matter by explaining that the mere fact that a Correction Board administratively changes a date of discharge "does not alter the time of accrual of the action." *Id. See also Bruno v. United States,* 214 Ct.Cl. 383, 556 F.2d 1104, 1106 (1977) ("Post-discharge remedies, such as the Board for Correction of Military Records, are permissive in nature

and do not serve to toll the running of the statute of limitations."); *Kirby v. United States,* 201 Ct.Cl. 527, 1973 WL 21341, *2 (1973) (stating that post-discharge proceedings before administrative review boards are "permissive in nature and do not serve to toll the running of the statute of limitations.").

■ In the instant case, all events had occurred which might fix the liability of the government, *see Oceanic,* 165 Ct.Cl. at 225, and plaintiff was put on notice that inquiry into a possible claim was called for upon his conviction and loss of retirement pay on August 14, 1987, *see Wrona,* 40 Fed.Cl. at 788. Plaintiff's complaint even acknowledges this fact. *See* Pl.'s Compl. at ¶ 6 ("This case arose when the Plaintiff retired Senior Chief in the United States Navy was sentenced by a Court–Martial panel on August 14, 1987. The Plaintiff's retirement pay stopped on August 14, 1987."). Plaintiff's claim arose on that date, and a right, if any, to challenge his deprivation of pay expired six years later on August 14, 1993. Any claim brought after that date is barred by the statute of limitations. *See* 28 U.S.C. § 2501. Neither plaintiff's repeated appeals before the Military Courts, nor his application to the BCNR, served to toll the six-year statute of limitations.

Furthermore, even if the court accepted plaintiff's alternate contention that the convening authority's second decision in August 1989 was his "true date" of discharge, and therefore the actual date on which the statute began to run, plaintiff's claim would still be barred. A 1989 discharge date would only extend the court's jurisdiction to August 1, 1995, and plaintiff's current claim would still fall outside the six-year statute of limitations, as he did not file in this court until March 31, 1997.

Plaintiff's failure to file suit within six-years is a total bar to any and all of plaintiff's claims. As the defendant correctly points out, Mr. Allen should have filed a protective action in this court and moved for a stay of the proceeding pending appellate review of his court-martial or review by the BCNR.

## B. Satisfaction of Claims

■ Even if plaintiff had filed this suit within the six-year statute of limitations, the court would still lack jurisdiction over plaintiff's back pay claim due to his acceptance of the BCNR's award on the identical claim.

The Secretary concerned may pay, ... a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits ... if, as a result of correcting a record under this section, the amount is found to be due the claimant on account of his or another's service in the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be .... *A claimant's acceptance of a settlement under this section fully satisfies the claim concerned.*

10 U.S.C. § 1552(c) (emphasis added).

As noted, pursuant to the BCNR's March 11, 1998 ruling, the Defense Finance and Accounting Service, on June 23, 1998, forwarded Mr. Allen a check in the amount of $21,864.96 for the additional retirement pay he was owed. Plaintiff's receipt and deposit of the settlement check constitutes "acceptance of a settlement," which fully satisfies any and all claims against the United States for retirement pay owed for the period of August 14, 1987 through August 1, 1989.[3] Thus, by his own actions, plaintiff has created an independent bar to the court exercising jurisdiction over his retirement pay claim.

## IV. WAIVER

Plaintiff's complaint also asserts two constitutional claims: first, that his loss of retirement pay in addition to his incarceration constituted Double Jeopardy under the Fifth Amendment; and second, that the non-Article III military courts did not have the requisite authority to render a conviction to bring plaintiff within the ambit of the Hiss Act. Defendant responds that plaintiff has waived both claims by failing to raise them either before the military courts or before the BCNR.

■ A plaintiff seeking review of his court-martial conviction must "demonstrate that he did not waive the assertion of constitutional or jurisdictional defects by failing to raise them during the military trial." *Longval v. United States,* 41 Fed.Cl. 291, 295 (1998). This court has long recognized that "a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it." *Doyle v. United States,* 220 Ct.Cl. 285, 599 F.2d 984, 1000 (1979), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). Furthermore, "the military justice system is sufficiently analogous to state justice systems to apply identical waiver rules to bar claims raised for the first time during a collateral attack on a court-martial." *Kendall v. Army Board for Correction of Military Records,* 996 F.2d 362, 366 (D.C.Cir.1993). Therefore, it follows that "[a]bsent a showing of good cause and prejudice, an appellant's failure to raise his constitutional claims in the military court system bars him from raising them in federal court." *Martinez v. United States,* 914 F.2d 1486, 1488 (Fed.Cir.1990).

■ Furthermore, while application to the BCNR is permissive, "once a party has availed himself of this administrative process he is bound by it." *Doyle,* 599 F.2d at 1000. "Having failed to raise [one's constitutional claims] before the BCNR, the plaintiff cannot now, for the first time, raise [them] in this court." *Thompson v. United States,* 14 Cl. Ct. 702, 706 (1988). *See Laningham v. United States,* 30 Fed.Cl. 296, 315 (1994) (holding that a "claim may not be raised for the first time in this court inasmuch as it was not ventilated administratively before the BCNR.").

■ Plaintiff failed to raise his current constitutional claims before either the military courts, or during his permissive application to the BCNR. Plaintiff contends he did not raise his constitutional claims in his prior filings because the military courts and BCNR lacked jurisdiction over the allegations. This contention disregards the nature of plaintiff's claim. The BCNR is plainly empowered to order retroactive back pay, precisely the relief plaintiff sought then and

---

**3.** The letter accompanying the June 23, 1998 check from the Defense Finance and Accounting Service stated: "Cashing the check will mean you accept this settlement, and you have no further claim on the United States that is based on this correction to your records." *See* Def.'s Reply in Supp. of It's Mot. to Dismiss, App. at 2.

seeks now. *See* 10 U.S.C. § 1552(c). Plaintiff's failure to raise all of his claims relating to the forfeiture of his military retired pay thus necessarily results in a waiver of any such claims in this court. *See Parisi v. Davidson,* 396 U.S. 1233, 90 S.Ct. 497, 24 L.Ed.2d 482 (1969) (holding that the Court must assume that the military courts and administrative proceedings would have given full and fair consideration to the constitutional issues at stake where they are authorized to review them). Plaintiff's explanation falls far short of the "good cause and prejudice" necessary to meet the standard enunciated in *Martinez* to obviate the waiver doctrine. It is undisputed that plaintiff knew the facts allegedly underlying his claim at the time of his application to the BCNR and his claims before the military courts, and plaintiff's failure to demonstrate good cause for not raising the constitutional claims during those proceedings waives his right to raise them now. *See Martinez,* 914 F.2d at 1489.

As plaintiff failed to raise either of his constitutional claims before the BCNR or the military courts, he has waived these issues before this court. *See Frecht v. United States,* 25 Cl.Ct. 121, 131 n. 7 (1992) (concluding that the "[f]ailure of plaintiff to raise an issue before the [board] precludes plaintiff from raising the issue before this court."). The waiver of the constitutional and jurisdictional claims leaves no issue before the court to be decided.

### CONCLUSION

Any and all of plaintiff's potential claims against the United States arose upon his conviction for espionage on August 14, 1987. Thus, plaintiff's claims before the court are jurisdictionally barred by the court's six-year statute of limitations. Furthermore, plaintiff's failure to raise his constitutional claims and jurisdictional challenges during the prior proceedings constitutes a legal waiver of the claims. For the foregoing reasons, the court hereby GRANTS defendant's motion to dismiss.

**IT IS SO ORDERED.**