# In the United States Court of Federal Claims

No. 11-528C
(Filed: April 19, 2013)

* * * * * * * * * * * * * * * * * * * *

PATRICIA A. GAVIN,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

* * * * * * * * * * * * * * * * * * * *

## ORDER[1]

Plaintiff, Patricia A. Gavin, is a former officer in the United States Air Force who served on active duty from 1985 to 1992. She filed a *pro se* complaint on August 1, 2011. In it she requests that the court reinstate her into the Air Force and award back pay. On March 30, 2012, defendant filed a motion to dismiss the complaint for lack of jurisdiction, and, in the alternative, failure to state a claim.[2] Plaintiff filed a response on January 25, 2013. The motion is fully briefed. For the reasons set out below, we grant defendant's motion.

This is Ms. Gavin's third complaint filed in this court. In *Gavin v.*

---

[1] The facts are drawn from the complaint, plaintiff's response to the motion to dismiss, and the decisions in *Gavin v. United States*, 47 Fed. Cl. 486, 488 (2000), and *Gavin v. United States*, No. 08-53C, 2008 WL 4725420 (Fed. Cl. May 27, 2008).

[2] We dismiss the complaint for lack of jurisdiction and do not address Rule 12(b)(6) of the Rules of the Court of Federal Claims.

*United States*, 47 Fed. Cl. 486, 488 (2000) ("*Gavin I*"), she also made a request for reinstatement and back pay. Plaintiff alleged that the Air Force had coerced her to resigning from active duty in 1992. *Id.* The court dismissed the complaint because her separation from service was voluntary. *Id.* at 490-91. In *Gavin v. United States*, No 08-53C, 2008 WL 4725420, at *1 (Fed. Cl. May 27, 2008) ("*Gavin II*"), plaintiff asked the court to place a protective order on the sealed record in *Gavin I*. She was engaged in a custody dispute with individuals who allegedly used information from the record in *Gavin I* against her. *Id.* We dismissed the complaint for lack of jurisdiction. *Id.* at *2.

In this action plaintiff repeats the allegations from *Gavin I,* to wit, that she was coerced into resigning. She also alleges that a Saudi military official assaulted her while she served in the Air Force Reserves, Compl. ¶¶ 5, 8, that her spouse fraudulently used veterans records against her in a child custody dispute in 2006, Compl. ¶¶ 17-18, that her father made false claims about her mental health, Compl. ¶ 23, and that a nurse stole her identity in 1992, Pl.'s Resp. 1-2.[3] Plaintiff seeks reinstatement, back pay, reimbursement of attorneys fees and student loans, and any other relief this court can provide.

We agree with defendant that Ms. Gavin does not set out a claim within this court's jurisdiction. The primary grant of jurisdiction to this court is the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). The last phrase in that clause, which forbids cases "sounding in tort," eliminates those of plaintiff's allegations based on fraud and theft of her identity.

To invoke Tucker Act jurisdiction, "plaintiff must identify a separate

---

[3] "Pl.'s Resp." refers to Plaintiff's Response to Defendant's Motion to Dismiss.

source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The only claim arguably within the court's jurisdiction[4] is her request for reinstatement and back pay pursuant to the Military Pay Act.[5] *See* 37 U.S.C. § 204 (2006). A claim made under the Act can indeed support Tucker Act jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).[6]

That subject matter jurisdiction is limited, however, by the six year statute of limitations. *See* 28 U.S.C. § 2501. In a military pay claim, the injury occurs on the date of separation. *Martinez*, 333 F.3d at 1314. Plaintiff separated in 1992 and filed this complaint twenty years later. The statute of limitations, therefore, is a jurisdiction bar to her pay claim.[7]

Accordingly, the Clerk of Court is directed to dismiss plaintiff's

---

[4] In the response to the motion to dismiss, plaintiff also cites "17 C.F.R. 240.21F-2." Pl.'s Resp. 1. This regulation is part of the Securities Exchange Commission's whistleblower program. *See* 17 C.F.R. §§ 240.21F-1–.21F-17 (2012); *see also* 15 U.S.C. § 78u-6 (Supp. V 2011). The Commission sets the procedures to determine who may receive an award. *Id.* § 240.21F-1. If turned down, a claimant then may appeal to the United States circuit courts of appeal. *Id.* § 240.21F-13. The Court of Federal claims does not have jurisdiction over such claims. *See United States v. Bormes*, 133 S. Ct. 12, 18 (2012) ("The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies.").

[5] The complaint does not cite this statute. Plaintiff is *pro se*, however, and held to a lower pleading standard. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

[6] Plaintiff asserts that there was "theft and falsification" of her veterans records. Compl. at 1. She also makes an allegation that, until 2006 or later, she did not know about these problems, which were allegedly the fault of the United States. Compl. ¶ 27, Pl.'s Resp. 6-7. These assertions fail to rely on "a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Thus, they do not trigger this court's Tucker Act jurisdiction.

[7] The complaint also recites events from plaintiff's service in the Air Force Reserves, which ended in 1997. Those allegations are also outside the limitations period.

complaint for lack of jurisdiction.  Judgment accordingly.  No costs.


_____
ERIC G. BRUGGINK
Judge